UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-094-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ELLIS ROSADO, Jr., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of *pro se* Defendant Ellis Rosado's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  [Record No. 186]  The defendant seeks this reduction based upon the recently-enacted amendments to the United States Sentencing Guidelines.  Having considered the defendant's motion and all relevant sentencing factors, the Court concludes that a further reduction of Defendant Rosado's sentence is not warranted.  As a result, his motion will be denied.

Rosado also requests an appointed attorney in order to pursue the sentence reduction. [Record No. 186]  However, the Court notes that there is no constitutional right either to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2).  *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).  Section 3582(c)(2) simply provides "a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing

Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has the discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information available to the Court from the original sentencing proceeding is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources. Accordingly, Rosado's request for counsel will be denied.

Rosado is an admitted drug trafficker. On May 22, 2006, he pleaded guilty to conspiring to possess with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 92] The accompanying Plea Agreement outlined his criminal conduct, providing in relevant part at Paragraph 3:

> Beginning on or about August 15, 2005, continuing through December 09, 2005, the defendant conspired with Florencio Lebron, aka Popo, Oscar S. Combs, aka Steve Combs, and Luis Huerta, aka James, aka Luta, and others to knowingly and intentionally distribute and to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base. During the course of the conspiracy, approximately 310 grams of a mixture or substance containing a detectable amount of cocaine base was seized by law enforcement. While the defendant was incarcerated from October 25, 2005, through the remaining length of the conspiracy, the defendant admits that he is responsible for distributing or possessing with intent to distribute between 150 and 500 grams of cocaine base, and that this amount was foreseeable to him as a member of the conspiracy. During the course of the conspiracy, the defendant admits that he possessed a firearm. The conspiracy occurred in Hazard, KY, in the Eastern District of Kentucky.

[Record No. 118]

On September 19, 2006, Rosado was sentenced to a term of incarceration of 265 months, followed by a term of supervised release of five years. [Record No. 124] At the time of his original sentencing, Rosado's guideline range for imprisonment was 235 to 293

months.  However, as the Court explained during the sentencing hearing, all relevant factors under 18 U.S.C. § 3553 were also considered in arriving at an appropriate term of incarceration.

After the United States Sentencing Commission amended the Guidelines in 2008, Rosado's Total Offense Level decreased from 33 to 31, yielding a reduced guideline range of 188 to 235 months.  Considering the relevant information, the Court reduced the defendant's term of imprisonment from 265 months to 212 months.  [Record No. 145]  Again, in 2011, the United States Sentencing Commission revised the Guidelines applicable to Rosado's conviction.  The Court recalculated Rosado's guideline range, resulting in a decrease to 130 to 162 months based on a reduced Total Offense Level of 27.  Although Rosado was eligible for a sentence reduction pursuant to the changes in the Guidelines, the Court found that a further reduction in Rosado's sentence would be wholly inappropriate.  [Record No. 168]  In other words, the Court determined that a sentence of incarceration of 212 months was the least term that Rosado should serve for his conduct.  In making its determination, the Court considered all relevant factors under 18 U.S.C. § 3553.  Rosado appealed the Court's denial of his motion, and the Sixth Circuit affirmed the Court's decision.  [Record No. 178]

Once again, the United States Sentencing Commission has revised the applicable guideline range for some drug convictions.  In evaluating the present motion, this Court must again consider all relevant statutory factors and independently determine whether a reduced sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).  These factors include the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide a just punishment, afford general and specific deterrence to future criminal conduct, protect the public from

future crimes of the defendant, and provide the defendant with the needed educational or vocational training, medical care, or other corrective treatment. 18 U.S.C. § 3553(a).

The Court has reviewed the relevant factors and concludes that a further reduction of Rosado's sentence would not meet the statutory goals of sentencing. Instead, it would unduly diminish the serious nature of his offense. Additionally, the Court considers the defendant's criminal history, which reflects the defendant's likelihood of recidivism and the danger he presents to the public. Rosado's presentence investigation report ("PSR") reveals that, by the age of 26, he had accumulated 18 criminal history points, placing him in the highest Criminal History Category. He has juvenile and adult convictions for drug offenses, robbery, burglary, intimidating a witness, and unlawful use of a weapon. [PSR, ¶¶ 134-142] In short, Rosado has demonstrated a consistent pattern of criminal conduct since a very early age. While the Court notes the defendant's post-sentencing progress in his battle against addiction [Record Nos. 186, 186-1, 186-2], the likelihood that he will re-offend when released is substantial. Thus, neither deterrence nor respect for the law will be promoted by a reduced sentence.

Finally, the Court notes the obvious: the United States Sentencing Guidelines are not binding. Here, the reduction in the guideline range is outweighed by the statutory factors outlined and discussed above. Accordingly, it is hereby

**ORDERED** that Defendant Rosado's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) and request for the appointment of counsel [Record No. 186] is **DENIED**.

-4-

This 10th day of February, 2015.



Signed By:

*__Danny C. Reeves__*

United States District Judge