UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-094-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ELLIS ROSADO, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Ellis Rosado, Jr., is currently serving a 212-month term of imprisonment following his conviction for conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and 841(b)(1)(A). [Record Nos. 124, 145][1] The Bureau of Prisons estimates that he will be released on October 18, 2021.[2] Rosado's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is pending for consideration. [Record No. 266]

The motion will be denied because Rosado has failed to demonstrate that extraordinary and compelling reasons support his request or that the relevant sentencing factors support a reduction.

---

[1]     As explained in further detail below, Rosado's sentence was originally 265 months' imprisonment. It was reduced by motion of the Court based on a retroactive amendment to the United States Sentencing Guidelines. [Record No. 145]

[2]     *Find and Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited June 16, 2021). Rosado is currently in the custody of the Chicago Residential Reentry Management field office. *Id.*

- 1 -

## I.        Factual and Procedural Background

Rosado and his co-conspirators distributed hundreds of grams of crack cocaine in and around Hazard, Kentucky, between August and December 2005.  [*See* Record No. 118, ¶ 3] The men would travel to Chicago, Illinois, every two to three weeks to acquire large quantities of drugs and bring them back to Hazard for distribution.

Through a series of controlled buys, an informant for the United States endeared himself to Rosado and his co-conspirators.  Eventually, Rosado began soliciting the informant to obtain firearms in furtherance of the conspiracy.  And over the course of a few months, Rosado repeatedly solicited the informant for large quantities of firearms, and he continued to sell crack cocaine to the informant.  Rosado was arrested on October 25, 2005, after he was found in possession of a firearm during a traffic stop.  Nevertheless, Rosado later admitted that it was foreseeable that the conspiracy would continue through December.  [Record No. 118, ¶ 3]

On December 22, 2005, a grand jury returned a twenty-count indictment, naming Rosado and several co-conspirators.  [Record No. 10]  Rosado was charged with one count of conspiring to distribute drugs, one count of money laundering, seven counts of distribution, and one count of attempting to acquire firearms in furtherance of a drug crime.  [*Id.* at Counts 1-2, 6, 8-11, 13, 15, 20]  He pleaded guilty to the conspiracy count, and the United States agreed to dismiss the remaining counts.  [Record No. 118]  At the sentencing hearing, his United States Sentencing Guidelines advisory range provided for a 235- to 293-month term of imprisonment.  On September 19, 2006, he Court sentenced Rosado to a 265-month term imprisonment, to be followed by five years of supervised release.  [Record No. 124]

Rosado's sentence was later reduced pursuant to the 2008 amendments to the Guidelines for crack cocaine offenses, which retroactively lowered his advisory range to 188 to 235 months of imprisonment.  [*See* Record No. 168 (explaining the Court's reasoning).] The amendments led the undersigned to impose a 212-month sentence.  [Record No. 145]

Rosado has since moved to reduce his sentence a number of times.  First, he filed a motion for a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the 2011 amendments to the Guidelines, which were also made retroactive.  [*See* Record No. 167.]  The undersigned acknowledged that his new advisory range was 130 to 162 months but concluded that a further reduction was unwarranted.  [Record No. 168, p. 3]  Because much of what the Court said then is relevant here, a portion of the analysis is reproduced below:

> The undersigned concludes that a further reduction of the sentence would unduly diminish the serious nature of Rosado's offense of conviction: a conspiracy to distribute, and possess with intent to distribute, a substantial quantity of crack cocaine.  Additionally, the Court considers the defendant's criminal history which reflects the defendant's likelihood of recidivism and the danger he presents to the public.  Review of the criminal history section of Rosado's [Presentence Investigation Report ("PSR")] reveals both juvenile and adult convictions for drug offenses when Rosado was sixteen years old. . . . Rosado was convicted of robbery and burglary at age 17 and 18, respectively. . . . [In 2004,] the defendant was convicted following an attempt to prevent a witness from testifying in a court proceeding. . . . [Also,] he pled guilty to unlawful use of a weapon.  As of the date of his federal conviction and sentencing, Rosado was only 26 years old, but he had amassed 18 criminal history points which placed him in Criminal History Category VI.  In short, Rosado has demonstrated a consistent pattern of criminal conduct since a very early age.  The likelihood that he will re-offend when released is substantial. Here, neither deterrence nor respect for the law will be promoted by a reduced sentence.

[*Id.* at pp. 3-4]  Rosado appealed, but the Sixth Circuit United States Court of Appeals affirmed the undersigned's determination.  [Record No. 178]

- 3 -

In 2015, the United States Sentencing Commission again revised the applicable Guidelines for some drug convictions.  [*See* Record No. 187.]  And again, Rosado filed a motion seeking a reduction based on the amendments.  [Record No. 186]  The undersigned emphasized the Court's prior determination that "a sentence of incarceration of 212 months was the *least* term that Rosado should serve for his conduct." [Record No. 187, p. 3]  Nothing that Rosado raised in his motion could overcome the "substantial" likelihood that he would re-offend if his sentence were reduced and, therefore, a further reduction was unwarranted. [*Id.* at p. 4]  The Court's decision was again affirmed on appeal.  [Record No. 215]

In 2019, Rosado moved for a sentence reduction based on Section 404 of the First Step Act ("FSA") of 2018.  [Record No. 245]  Again, the undersigned emphasized that "212 months' imprisonment is the *minimum* term that Rosado should serve for his conduct," regardless of changes in his advisory guidelines range.  [Record No. 249, p. 1]  Additionally, the Court noted that, "[w]hile the FSA changes Rosado's statutory range to a minimum of five years' imprisonment and a maximum of forty years, his current sentence of 212 months falls within that range."  [*Id.* at p. 2]  Thus, the Court had already determined that any further reduction was unwarranted, and the motion was denied.  [*Id.* at p. 3]  On appeal, the Sixth Circuit affirmed, reasoning that "a district court is within its discretion to deny a motion for a sentence reduction, even if a defendant is eligible for a reduction." [Record No. 258, p. 3][3]

---

[3]     The Court denied another construed motion for a sentence reduction on March 20, 2020.  [Record No. 265]  This motion, which took the form a letter, requested that the Court forgive him for his conduct and allow him to return home to be with his children.  [Record No. 264]  The undersigned concluded that the motion raised no grounds for a sentence reduction. [Record No. 265, pp. 2-3]

The present motion for a sentence reduction was filed on August 17, 2020.  [Record No. 266]  This time, Rosado relies on 18 U.S.C. § 3582(c)(1)(A)(i), which allows reduction of a previously-imposed sentence for extraordinary and compelling reasons.  Specifically, Rosado contends that his extensive efforts at rehabilitation, proximity to his release date, and the COVID-19 pandemic combine to constitute extraordinary and compelling circumstances warranting a sentence reduction.  And he argues that the relevant sentencing factors favor a reduction.

The Court denied the current motion on August 19, 2020, because Rosado's asserted grounds for relief did not meet the definition of extraordinary and compelling circumstances contained in the application notes to United States Sentencing Guideline § 1B1.13.  [Record No. 267]  However, in *United States v. Elias*, 984, F.3d 516 (6th Cir. 2021), decided after the Court's denial, the Sixth Circuit "concluded that, when a prisoner files a motion for compassionate release, the policy statement in USSG § 1B1.13 does not apply, and a district court has full discretion to define 'extraordinary and compelling' without consulting the policy statement."  [Record No. 270, p. 2]  Thus, the Court's denial of Rosado's motion was reversed on appeal, and the Sixth Circuit remanded the matter to allow the Court to "exercise its full discretion" to determine whether Rosado had established extraordinary and compelling reasons for a reduction.  [*Id.*]

Following the remand, the Court permitted Rosado to supplement his motion.  [Record No. 272]  On May 6, 2021, he filed a collection of documents that added two considerations to his original motion.[4]  [Record Nos. 273, 273-1]  First, Rosado indicated that he was

---

[4]      Rosado submitted what appear to be copies of documents he originally submitted to the Sixth Circuit in support of his appeal.  However, Rosado's handwritten notes on the documents

diagnosed with COVID-19 in January 2021 and made a full recovery with minimal medical intervention. [*See* Record No. 273; 273-1, pp. 3-6.] Second, he informed the Court that he has been released to a halfway house. [Record No. 273; 273-1, p. 1]

The United States responded in opposition to the motion. [Record No. 274] The government contends that Rosado failed to establish that extraordinary and compelling reasons justify a sentence reduction because he "did not even attempt to argue that he suffers from any health, family, or other condition that would . . . justify[] his release." [*Id.* at p. 4] And it argues that "Rosado's early release would be contrary to the purposes of sentencing, including just punishment, respect for the law, and specific and general deterrence." [*Id.* at p. 5]

## II.    Legal Analysis

When a prisoner files a motion for a sentence reduction, courts generally face "two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable [18 U.S.C.] § 3553(a) factors warrant such a reduction."[5] *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1006–07 (6th Cir. 2020)). As previously indicated, courts may "define 'extraordinary and compelling' on their

---

are dated April 26, 2021. [Record No. 273-1, p. 1] Thus, the Court construes Rosado's filing as further support for his original motion.

[5]     The Court must initially be satisfied that the prisoner has complied with the statutory exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (directing that a prisoner may move for a reduction after "the lapse of 30 days from the receipt of [a sentence reduction] request by the warden of the defendant's facility"). Rosado's original filing contained proof that he requested a reduction from the warden of his facility more than 30 days prior to filing the motion. [Record No. 266-1, p. 1]

own initiative." *Elias*, 984 F.3d at 519-20.  In doing so, they are not constrained by the policy statement's definitions of "extraordinary and compelling reasons."  *Jones*, 980 F.3d at 1109.

### A.    Extraordinary and Compelling Reasons

Rosado emphasizes he does not present a circumstance that "alone would . . . constitute an extraordinary and compelling reason."  [Record No. 266, p. 1]  But he states that his efforts toward rehabilitation and proximity to his release date, when "taken together" with the COVID-19 pandemic, justify a sentence reduction.  [*Id.* at p. 2]  Thus, the Court will consider whether any of his proffered reasons for a reduction, either singly or in combination, constitute an extraordinary and compelling reason for a reduction.

The Court does not doubt that Rosado has made efforts toward rehabilitation.  The undersigned has noted his "post-sentencing progress in his battle against addiction," and commended "steps toward self-improvement" while imprisoned.  [Records Nos. 187, p. 4; 249, p. 3]  However, the Court does not conclude that Rosado's efforts at rehabilitation *alone* constitute an extraordinary and compelling reason for a sentence reduction.  *See* 28 U.S.C.A. § 994(t); *Ruffin*, 978 F.3d at 1004.  Rosado acknowledges as much.  [Record No. 266, p. 1] Nevertheless, he contends that "the qualifier 'alone' [in § 944(t)] implies that rehabilitation can *contribute to*" the Court's analysis.  [*Id.* (emphasis added)]  This may be true, but only where the contributing reasons strike the Court as extraordinary and compelling.

Here, Rosado relies on rehabilitation *plus* the COVID-19 pandemic and the amount of time he has served.  The length of a sentence is not a reason for a sentence reduction.  *United States v. Martin*, 2021 WL 134602, at *2 (E.D. Ky. Jan. 13, 2021).  It follows that serving some, but not all, of an allegedly lengthy sentence is not an extraordinary and compelling circumstance for a reduction.  Thus, this reason adds little support to Rosado's request.

- 7 -

Additionally, while the Court agrees with Rosado that the COVID-19 pandemic is an "undeniably extraordinary event," it is not a compelling reason for reducing *his* sentence. [Record No. 266, p. 2]  Rosado originally moved for a reduction based on the speculative fear that he would suffer from a severe COVID-19 infection, if he were to become infected.  The Court determined that he had not alleged that he was "suffering from an illness or unable to care for himself."  [Record No. 267, p. 4]  Now, he has informed the Court that his fears were unwarranted—he later contracted COVID-19 and made a full recovery.  [Record No. 273] Thus, the likelihood that he will suffer a severe COVID-19 infection has diminished.  As the United States points out, he will have "some period of protection from being re-infected."[6] [Record No. 274, p. 4]  In short, neither the fact that Rosado's release date is approaching nor the COVID-19 pandemic support reducing his sentence.

Rosado cites a number of other reasons that are similarly unavailing.  He notes that he is eligible for home confinement, and that he would receive a lower sentence if he were sentenced today.  The former argument is a matter of BOP concern, not a reason for this Court to reduce a sentence.  *See* 18 U.S.C. § 3624(c) (empowering the BOP, not courts, to grant home confinement).  The latter argument just leads the Court to the 18 U.S.C. § 3553(a) factors, which are discussed below.  As the Sixth Circuit reasoned when it denied one of Rosado's appeals, the line between eligibility and entitlement to a sentence reduction based on

---

[6]  This protection is likely to become permanent, if it has not already, when Rosado is provided a COVID-19 vaccine.  The "BOP is committed to making the vaccine available to all staff and inmates who wish to receive it as quickly as possible."  *COVID-19 Implementation Plan*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed June 17, 2021).  To date, thousands of federal prisoners have been inoculated against COVID-19.  *Id.*

- 8 -

retroactive amendments to Guidelines is marked by the § 3553(a) factors. [Record No. 258, p. 3]

In summary, the Court does not find that any of Rosado's arguments demonstrate that extraordinary and compelling circumstances warrant reducing his sentence.

**B.     The 18 U.S.C. § 3553(a) Factors**

Even if Rosado had demonstrated good reasons to reduce his sentence, a reduction would be unwarranted. When considering a motion for a sentence reduction, courts should "consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. "But as long as the record *as a whole*" supports the Court's conclusion, it is not required to reweigh the factors or conduct the § 3553(a) analysis anew. *Id.* (quotations omitted) (emphasis in original).

Here, the undersigned has repeatedly emphasized that a reduction below 212 months' imprisonment would not be warranted. [*See* Record Nos. 168, 187, 249.] Among other considerations, it would "unduly diminish the serious nature of Rosado's offense," and overlook the "likelihood that he will re-offend when released." [Record Nos, 168, p. 3; 187, p. 4] And "[a]nything less than a 212-month sentence . . . would not promote respect for the law or protect the public." [Record no. 249, p. 3] This analysis "d[id] not change in light of the First Step Act," and it has not changed now. [*Id.* at p. 2]

Rosado argues that his "actions in the last fifteen years" show he is not a danger to the community. [Record No. 266, p. 2] But this argument merely acknowledges one of the effects of incarceration: it precludes would-be offenders from re-offending. Serving the remainder of his sentence will continue to protect the public. Rosado asserts that his risk of recidivism is

- 9 -

low, but the United States Sentencing Commission reports that offenders with his level of criminal history recidivate at much higher rates.[7]

At bottom, Rosado's argument boils down to this: "[f]ifteen years is long . . . enough" for the offense he committed.  [Record No. 266, p. 3]  The undersigned respectfully disagrees. Time and again, the Court has explained that 212 months is a sufficient, but not greater than necessary term of imprisonment to accomplish the relevant sentencing factors.  Nothing in Rosado's motion undermines this conclusion.

### C.    Request for Counsel and an Extension of Time

Rosado's most recent filing asked the Court to appoint counsel and provide him an extension of time.  [Record No. 273, p. 1]  It is unclear what deadline Rosado would have the Court extend.  The Court provided him an opportunity to supplement his motion by May 7, 2021, and he did so on May 6, 2021.  [*See* Record No. 272.]  There does not appear to be any reason to further delaying consideration of Rosado's motion, which is fully supported with documentation.

For similar reasons, his request for counsel will be denied.  There is no constitutional right to counsel in a proceeding under 18 U.S.C. § 3582(c).  *See United States v. Bruner*, 2017 WL 1060434, at *2 (E.D. Ky. March 21, 2017); *United States v. Johnson*, 2016 WL 10704239, at *3 (6th Cir. 2016) (observing that there has been no historical right to counsel in proceedings under § 3582(c)(2)).  Appointment of counsel is discretionary, and it is only warranted where a defendant makes a showing that it would be necessary.  Rosado has not argued that counsel

---

[7]    *The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders*, UNITED STATES SENTENCING COMMISSION, March 2017, accessible at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170309_Recidivism-CH.pdf (last visited June 17, 2021).

is necessary to allow him to pursue a sentence reduction.  To the contrary, "the issues for resolution are clear and the defendant has demonstrated an ability to articulate them with supporting arguments." *United States v. Kirby*, 2021 WL 134601, at *3 (E.D. Ky. Jan. 13, 2021).

Accordingly, it is hereby

**ORDERED** as follows:

1. The defendant's motion for a sentence reduction [Record No. 266] is **DENIED**.

2. The defendant's motions for an extension of time and appointment of counsel [Record No. 273] are **DENIED**.

Dated:  June 17, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky